# IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

DONNA L. SLOAN                  *

                  *

        Plaintiff          *

                  *

V.                      *

                  *        NO: 4:11CV00030   SWW

                  *

                  *

FIRST ARKANSAS INSURANCE        *

                  *

        Defendant      *

                  *

                  *

                  *

## <u>ORDER</u>

Plaintiff Donna L. Sloan, proceeding *pro se* and *in forma pauperis*, brings this employment discrimination action against her former employer, First Arkansas Insurance.   A receipt and return form filed on February 2, 2011 shows that on January 27, 2011, the Marshals Service sent summons and complaint to Defendant, via certified mail, return receipt requested, to the address for Defendant provided in the complaint.  *See* docket entry #6.   A Postal Service return receipt attached to the form bears the signature of Calvin Thompson, agent for First Arkansas Insurance.

Defendant has not made an appearance in this case, no answer or other response to the complaint has been filed.  By order entered July 26, 2012, the Court reminded Plaintiff of her responsibility to comply with the Federal Rules of Civil Procedure and the Local Rules of this

Court,[1] including Local Rule 5.5(c)(2), which provides that it is the duty of any party not represented by counsel to monitor the progress of the case and prosecute the action diligently. Additionally, the Court noted Defendant's failure to answer or respond to the complaint and directed Plaintiff to file a status report stating whether she intends to prosecute her claims.   On August 1, 2010, Plaintiff filed a statement indicating that she intends to prosecute her claims against Defendant.

Rule 55(a) provides for entry of default when a  party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.   According to a process receipt and return filed February 2, 2011, the United States Marshal accomplished service of the complaint and summons on January 27, 2011.  Given Defendant's failure to timely answer or otherwise respond to the complaint within twenty days as required under Federal Rule of Civil Procedure 12(a), the Court finds that a clerk's entry of default under Federal Rule of Civil Procedure 55(a) is proper.

Plaintiff is advised, once again, that it is her responsibility to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court and to prosecute her claims diligently.  If Plaintiff wishes to seek a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, she must file a motion requesting such relief, and Plaintiff's failure to take action to prosecute her claims will result in the dismissal of this action, without prejudice.

---

[1]The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas. Additionally, the Local Rules and the Federal Rules of Civil Procedure are available on the Court's website:  www.are.uscourts.gov .  To access the Federal Rules of Civil Procedure via the Court's website, go to "Links," find the heading "Federal Links" and click on "Federal Rules of Civil Procedure" below the heading.  A direct link to  "Local Rules" is provided on the home page of the Court's website.

IT IS THEREFORE ORDERED that the Clerk is directed to enter default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk is directed to mail a copy of this order, along with a copy of the entry of default, to Defendant at the address provided in the receipt and return of service (docket entry #6).

IT IS SO ORDERED THIS 23RD DAY OF AUGUST, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE